IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ELIZABETH ANN DELOACH,** **PLAINTIFF**
**Individually and as Deloach Real Estate, LLC**

**V.** **NO. 4:18-CV-141-DMB-RP**

**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY, and**
**PATRICK THIMMES** **DEFENDANTS**

**ORDER**

Before the Court are Elizabeth Ann Deloach's motion to remand, Doc. #10, and Patrick Thimmes' motion to dismiss, Doc. #16.

**I**
**Relevant Procedural History**

On June 13, 2018, Elizabeth Ann Deloach filed a complaint in the Circuit Court of Grenada County, Mississippi, against Allstate Vehicle and Property Insurance Company and Patrick Thimmes regarding the denial of an insurance claim on her cabin. Doc. #2 at 1. Allstate, invoking diversity jurisdiction, removed the case to this Court on July 12, 2018. Doc. #1 at 2. The notice of removal alleges that Allstate is an Illinois corporation with a principal place of business in Illinois, and that both Deloach and Thimmes are Mississippi citizens. *Id*. at 1–2. Allstate contends, however, that Thimmes' "citizenship should be disregarded for purposes of determining whether diversity jurisdiction exists" because he is "fraudulently joined"[1] or, alternatively, "fraudulently misjoined." *Id*. at 2–3.

---

[1] Case law uses both the terms "improper" and "fraudulent" joinder. "Although there is no substantive difference between the two terms, 'improper joinder' is preferred." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n. 1 (5th Cir. 2004).

On July 18, 2018, Deloach filed a motion to remand. Doc. #10. One week later, Allstate filed a motion to dismiss the claims against it.[2] Doc. #13. The next day, Thimmes filed a motion to dismiss the claims against him. Doc. #16. All three motions are opposed.

**II**
**Standard**

"Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity. This is so because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. Any ambiguities are construed against removal and in favor of remand to state court." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (internal citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**III**
**Analysis**

Diversity jurisdiction requires that there be (1) complete diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. §1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014).

No party disputes that the amount in controversy here exceeds $75,000. However, Allstate asserts that complete diversity exists because Thimmes, a non-diverse defendant, was either

---

[2] Allstate's motion to dismiss will be addressed by separate order.

improperly joined or fraudulently misjoined. Deloach claims that, because Thimmes' presence in the suit destroys complete diversity, remand is warranted.

This Court has rejected the fraudulent misjoinder doctrine. *See Wilson v. State Farm Mut. Auto. Ins. Co.*, No. 4:17-CV-124, 2018 WL 1096836, at *2 (N.D. Miss. Feb. 28, 2018) ("In the absence of clear direction from either the Fifth Circuit or the United States Supreme Court, this Court, in strictly interpreting the removal statute, declines to expand its jurisdiction to adopt the doctrine of misjoinder announced in *Tapscott*."). As such, severance and remand of the claims against Thimmes is not warranted based on fraudulent misjoinder. So, Allstate must demonstrate that Thimmes is improperly joined to establish diversity jurisdiction.

"The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). Under this doctrine, "a district court is prohibited by statute from exercising jurisdiction over a suit in which any party … has been improperly or collusively joined to manufacture federal diversity jurisdiction." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (emphases omitted). The "heavy" burden of showing improper joinder rests with the removing party. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). In this case, only the second inquiry is implicated: "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against a [non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] defendant." *Smallwood*, 385 F.3d at 573. In resolving this

question, "[a] district court should ordinarily … conduct … a Rule 12(b)(6)-type analysis. However, in cases where the plaintiff has stated a claim, but 'misstated or omitted discrete facts' the district court has the discretion to pierce the pleadings and conduct a summary inquiry." *McDonal*, 408 F.3d at 183 n.6.

Because no party has presented summary judgment-type evidence regarding the claims against Thimmes, the Court, on this record, finds no justification to pierce the pleadings and conduct a summary inquiry. Accordingly, the Court will analyze Deloach's complaint under the 12(b)(6) framework.

Deloach's complaint alleges that Thimmes wrote Deloach a policy insuring the cabin as her residence, although she did not reside at the cabin and Thimmes spoke with the actual occupant of the cabin in the course of insuring it. Doc. #2 at 2, 5. Deloach claims that after the cabin's occupant "stole[]" the cabin from her property, Allstate improperly delayed and denied her insurance claim on the grounds "that the stolen cabin was not her … residence, and its loss was not sudden and unexpected." *Id*. at 3–4. Deloach thus asserts a claim of negligent procurement of insurance against Thimmes, contending that she "was entitled to rely on the expertise of [Thimmes] and did in fact rely on his experience and expertise in purchasing the coverage for her property …." *Id*. at 4–5.

The elements of negligence are: "duty, breach of duty, proximate causation, and injury." *Lovett v. Bradford*, 676 So. 2d 893, 896 (Miss. 1996).[3] "An insurance agent owes a duty to his principal to procure insurance policies with reasonable diligence and good faith. The duty owed is to provide the level of skill in procuring insurance reasonably expected of one in that profession."

---

[3] The law of the forum state—in this case, Mississippi—governs the substantive issues in this diversity case. *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018).

4

*Taylor Mach. Works, Inc. v. Great Am. Surplus Lines Ins. Co.*, 635 So. 2d 1357, 1362 (Miss. 1994). Cases recognizing negligent procurement of insurance "involve allegations that the agent either failed altogether to procure coverage or the policy procured by the agent did not provide the coverage requested by the insured." *Porter v. Grand Casino of Miss., Inc.-Biloxi*, 138 So. 3d 952, 957 (Miss. Ct. App. 2014). Notwithstanding this duty, "an insured is charged with the knowledge of the terms of the policy upon which he or she relies for protection," "regardless of whether the insured read the policy." *Mladineo v. Schmidt*, 52 So. 3d 1154, 1161 (Miss. 2010).

In *Mladineo*, the plaintiffs sought to insure their home against wind and water damage with a "hurricane" policy purchased through an insurance agent. *Id*. at 1156–57. The insurance agent assured the plaintiffs that the home was not in a flood zone and that all storm damage was covered under the policy; however, the policy's terms did not cover losses caused by flooding. *Id*. The plaintiffs did not read the policy. After their home flooded, their claim was denied and a lawsuit followed. *Id*. Ultimately, the Mississippi Supreme Court held that even if the agent had breached his duty to procure the requested coverage, the plaintiffs' "silence was the proximate cause of their damage" given their duty to read the policy—which "plainly did not cover the things that they assumed 'hurricane' policies would cover." *Id*. at 1164.

Here, Deloach claims Thimmes negligently procured coverage and breached the duty of diligence and good-faith. Specifically, Deloach alleges Thimmes procured a policy insuring the cabin as her residence that he knew would not cover her cabin since, based on his conversation with the actual occupant of the cabin, he knew she did not reside in the cabin. Nevertheless, *Mladineo* is fatal to Deloach's claim against Thimmes because the error in the coverage she requested was apparent on the face of the policy since it indicated that she was the cabin's resident

or occupant. Thimmes is thus improperly joined because Deloach will be unable to establish a cause of action against him.

"Once a court has found [improper] joinder, it may sever the non-diverse defendant and remand those claims." *Stanford v. Liberty Mut. Grp. Inc.*, No. 4:18-CV-96, 2018 WL 5259474, at *3 (N.D. Miss. Oct. 22, 2018) (citing *Murriel-Don Coal Co., Inc. v. Aslupen Ins. UK Ltd.*, 790 F.Supp.2d 590, 592 (E.D. Ky. 2011)). Because the Court has found that Thimmes was improperly joined, it will sever and remand the claims against him.

## IV
## Conclusion

Deloach's motion to remand [10] is **DENIED**; Thimmes' motion to dismiss [16] is **DENIED without prejudice**; and the claims against Thimmes are **SEVERED** and **REMANDED** to the Circuit Court of Grenada County, Mississippi.

**SO ORDERED**, this 20th day of February, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**