IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ELIZABETH ANN DELOACH,** **PLAINTIFF**
**Individually and as Deloach Real Estate, LLC**

**V.** **NO. 4:18-CV-141-DMB-RP**

**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY, and**
**PATRICK THIMMES** **DEFENDANTS**

## ORDER

Before the Court is "Plaintiff's Motion for Reconsideration or, Alternatively, to Alter or Amend the Court's February 20, 2019 Order." Doc. #33

### I
### Procedural History

On June 13, 2018, Elizabeth Ann Deloach, a Mississippi citizen, filed a complaint in the Circuit Court of Grenada County, Mississippi, against Allstate Vehicle and Property Insurance Company, an Illinois citizen, and Patrick Thimmes, a Mississippi citizen, regarding the denial of her insurance loss claim on her cabin. Doc. #2. Allstate, asserting diversity jurisdiction, removed the case to the United States District Court for the Northern District of Mississippi on July 12, 2018. Doc. #1 at 2. On July 18, 2018, Deloach filed a motion to remand. Doc. #10. One week later, Allstate moved to dismiss the claims against it.[1] Doc. #13. The next day, Thimmes moved to dismiss the claims against him. Doc. #16.

On February 20, 2019, this Court denied the motion to remand based on its conclusion that Thimmes was improperly joined. Doc. #29. Specifically, the Court found that Deloach's claim

---

[1] Allstate's motion to dismiss will be addressed by separate order.

against Thimmes for negligent procurement of insurance failed "because the error in the coverage she requested was apparent on the face of the policy …." *Id*. at 5–6. Accordingly, the Court denied Thimmes' motion to dismiss, and severed and remanded the claim against Thimmes to the Circuit Court of Grenada County. *Id*. at 6. Eight days later, Deloach filed "Plaintiff's Motion for Reconsideration or, Alternatively, to Alter or Amend the Court's February 20, 2019 Order." Doc. #33.[2] On March 14, 2019, Allstate filed a response in opposition, Doc. #36, which Thimmes joined, Doc. #38.

## II
## Standard

Generally:

> A Rule 59(e) motion calls into question the correctness of a judgment. This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (internal quotation marks, alterations, and citations omitted). However, "[a] litigant generally may raise a court's lack of subject matter jurisdiction at anytime in the same civil action …." *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 223 (5th Cir. 2012). Accordingly, to the extent a motion for reconsideration raises new arguments impacting this Court's jurisdiction, such arguments are properly considered.

## III
## Analysis

Deloach argues reconsideration is necessary to correct a clear error of law or fact or to prevent a manifest injustice because (1) her Allstate policy is ambiguous regarding residence, (2) the policy's secondary residence endorsement is ambiguous, (3) the Court's order is contradictory

---

[2] In violation of Local Civil Rule 7(b)(2)(B), the motion exceeds four pages.

in its effect, and (4) the Court's order misapplied Mississippi law on the negligent procurement of insurance coverage and a policyholder's duty to read.

### A. Alleged Ambiguities in Policy

Citing rules of construction for Mississippi insurance contracts, Deloach contends that the "face of [the] policy contains a patent contradiction in terms and an undefined material term, rendering the policy ambiguous and subject to multiple interpretations." Doc. #34 at 2. She also asserts that "there is no provision in the policy documents … which would suggest that the cabin was not covered because she did not reside in it." *Id*. at 9.

Specifically, Deloach argues an ambiguity exists in the policy because there is a conflict between the text of the policy, which defines "dwelling" as a place "where you reside," and a "Secondary Residence Endorsement" to the policy which refers to a "'secondary' residence." *Id*. at 2. According to Deloach, as "[o]ne cannot reside in two places at one time[,] the 'secondary' residence coverage conflicts with and is made ambiguous by the 'residence' requirement contained in the body of the policy." *Id*. at 2–3. In response, Allstate argues that the Secondary Residence Endorsement does not apply to the dwelling provision at issue in this case and that, even if it did, there is no conflict because "[t]he policy does not require the cabin to be a primary residence …." Doc. #37 at 4.

"[I]t is a question of law for the court to determine whether a contract is ambiguous …." *Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc.*, 857 So.2d 748, 751 (Miss. 2003). "When construing a contract [a court] will read the contract as a whole, so as to give effect to all of its clauses." *Id*. at 752. "An ambiguity in an insurance policy exists when the policy can be interpreted to have two or more reasonable meanings. When the language of a policy is subject to more than one reasonable interpretation, th[e] Court will apply a construction permitting

recovery." *J & W Foods Corp. v. State Farm Mut. Auto. Ins. Co.*, 723 So.2d 550, 552 (Miss. 1998) (citation omitted). "[I]f the language in an insurance contract is clear and unambiguous, then the court should construe it as written." *Jackson v. Daley*, 739 So.2d 1031, 1041 (Miss. 1999).

The policy's "Dwelling Protection – Coverage A" insures "[y]our dwelling." Doc. #12 at 16 (emphases omitted). The policy defines "dwelling" as "the single-family building structure … where you reside and which is principally used as a private residence." *Id*. at 13 (emphases omitted). "[Y]ou or your" is defined as "the person listed under the Named Insured(s) on the Policy Declarations as the insured and that person's resident spouse." *Id*. at 14 (emphases omitted). Thus, the policy unambiguously requires that the person reside at a property to qualify for dwelling protection. This conclusion is not undermined by the Secondary Residence Endorsement's reference to a second dwelling because, while Deloach argues that the policy is ambiguous because a person cannot reside at two places at one time, the law is clear that "a person may have multiple residences simultaneously." *Aetna Cas. & Sur. Co. v. Williams*, 623 So. 2d 1005, 1009 (Miss. 1993). Accordingly, the policy is not ambiguous and Deloach's argument to the contrary is rejected.

### B. Contradictory Effect

According to Deloach, although the Court found no justification to pierce the pleadings and conduct a summary judgment-type inquiry, the effect of its order was to require her "to reside in the cabin in order for it to be covered under the Policy" such that the Court "summarily adjudicate[d] the gravamen of her Complaint against Allstate (and, by association, Thimmes)" on the question of coverage. Doc. #34 at 4. Deloach argues that this ruling was premature because "[n]o discovery has been conducted by the parties in this matter …." *Id*.

The Court did not adjudicate the question of coverage in its February 20 order. Rather, the Court remanded the claims against Thimmes after finding Thimmes improperly joined. This decision was based on the plain meaning of the policy and Deloach's duty to read, such that Deloach would be unable to establish a cause of action against Thimmes in state court—an inquiry which does not implicate discovery. Thus, Deloach's "contradictory effect" argument fails.

### C. Misapplication of the Law

Deloach argues the Court's February 20 order misapplied Mississippi state law—namely, *Mladineo v. Schmidt*, 52 So. 3d 1154, 1156 (Miss. 2010), and its progeny—by relying on authority "inapposite to the facts presented." Doc. #34 at 5. Specifically, she asserts *Mladineo* is inapplicable because it "involved a claim wherein the insured *never requested* the coverage complained of later as missing" whereas "Deloach expressly requested coverage for her cabin." *Id*.

As this Court explained in its February 20 order, *Mladineo* stands for the proposition that because an insured has a duty to read her insurance documents, silence in the face of a clear error in coverage is fatal to a negligent procurement claim because the "silence was the proximate cause of the[] damage …."[3] Doc. #29 at 5 (quoting *Mladineo*, 52 So.3d at 1164). Nothing in the case suggests this duty is dependent on whether the relevant coverage was expressly requested by the insured. Accordingly, Deloach's argument that the Court manifestly erred in applying the law on negligent procurement is without merit.

---

[3] To the extent Deloach argues that "the effect of this Court's [February 20] Order is that there is no conceivable set of facts under which an insured could successfully maintain a claim of negligent procurement of insurance against an agent," she is incorrect. Doc. #34 at 5. "[A]s the United States District Court for the Southern District of Mississippi has rightly observed, 'the cases that recognize [negligent procurement] involve allegations that the agent either failed altogether to procure coverage or the policy procured by the agent did not provide the coverage requested by the insured.'" *Porter v. Grand Casino of Miss., Inc.-Biloxi*, 138 So. 3d 952, 957 (Miss. Ct. App. 2014), *aff'd sub nom. Porter v. Grand Casino of Miss., Inc.*, 181 So. 3d 980 (Miss. 2016) (quoting *Curry v. State Farm Mut. Auto. Ins.*, 599 F.Supp.2d 734, 738 (S.D. Miss. 2009)).

# IV
# Conclusion

Deloach's "Motion for Reconsideration or, Alternatively, to Alter or Amend the Court's February 20, 2019 Order" [33] is **DENIED**.

**SO ORDERED**, this 29th day of March, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**