IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ELIZABETH ANN DELOACH,** **PLAINTIFF**
**Individually and as Deloach Real Estate, LLC**

**V.** **NO. 4:18-CV-141-DMB-RP**

**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY, and**
**PATRICK THIMMES** **DEFENDANTS**

## ORDER

Before the Court is Allstate Vehicle and Property Insurance Company's motion to dismiss. Doc. #13.

**I**
**Relevant Procedural History**

On June 13, 2018, Elizabeth Ann Deloach filed a complaint in the Circuit Court of Grenada County, Mississippi, against Allstate Vehicle and Property Insurance Company and Patrick Thimmes regarding the denial of an insurance claim on her cabin. Doc. #2 at 1. Allstate, invoking diversity jurisdiction, removed the case to the United States District Court for the Northern District of Mississippi on July 12, 2018. Doc. #1 at 2.

On July 18, 2018, Deloach filed a motion to remand. Doc. #10. One week later, Allstate filed a motion to dismiss the claims against it pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c). Doc. #13. The next day, Thimmes filed a motion to dismiss the claims against him. Doc. #16. On February 20, 2019, after full briefing on the motions,[1] the Court denied Deloach's

---

[1] In violation of the Court's local rules, Deloach included exhibits in her memorandum brief opposing Allstate's motion to dismiss. *See* Doc. #21; L.U. Civ. R. 7(b)(2) ("[S]upporting documents and exhibits … must be filed as exhibits to the motion … to which they relate."). To the extent these exhibits are not attached to Deloach's complaint, they have been disregarded by the Court.

motion to remand, severed and remanded the claims against Thimmes as improperly joined, and denied Thimmes' motion to dismiss without prejudice. Doc. #29. Deloach moved for reconsideration of the February 20 order, which this Court denied. Docs. #33, #39. The only motion that remains is Allstate's motion to dismiss pursuant to Rules 12(b)(6) and 12(c).

## II
## Standard

"To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement for relief—including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017). Under this standard, a court must "accept all well-pleaded facts as true." *New Orleans City v. Ambac Assurance Corp.*, 815 F.3d 196, 199–200 (5th Cir. 2016) (internal quotation marks omitted).[2]

## III
## Factual Allegations

For several years, Elizabeth Deloach maintained insurance on her personal residence with Allstate coverage obtained through agent Patrick Thimmes. Doc. #2 at 2. In June of 2016, Deloach approached Thimmes about purchasing "insurance against loss on a cabin and its contents located on her farm property in Tallahatchie County, Mississippi." *Id*. Thimmes issued Deloach a policy insuring the cabin as her residence,[3] although she did not reside at the cabin. *Id*. at 2, 4. Thimmes and an Allstate appraiser knew that the cabin was not Deloach's "primary residence" because they both spoke with the actual occupant of the cabin in the course of insuring it. *Id*. at 2, 5.

---

[2] "[A] defendant may not move under Rule 12(c) prior to filing an answer." 5C FED. PRAC. & PROC. CIV. § 1367 n.14 & accompanying text (3d ed.). Because Allstate's motion was filed before its answer, Rule 12(c) relief is denied.

[3] Deloach's complaint alleges that the policy was "for a primary residence." Doc. #2 at 4. However, the policy, which was attached to the complaint, includes no such language. When a conflict exists between the allegations in a complaint and the exhibits attached to the complaint, the exhibits control. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).

After Deloach required the occupant of the cabin to vacate, he moved the cabin from her property and "destroyed the concrete foundation and piers upon which the cabin had been built." *Id*. at 3. Deloach reported the loss to Allstate and demanded payment for the cabin. *Id*. Allstate intentionally delayed consideration of Deloach's claim. *Id*. Eventually, Allstate denied her insurance claim on the grounds that the stolen cabin was not her residence, and its loss was not sudden and unexpected. *Id*. at 3–4; Doc. #12 at Ex. B.[4] Allstate continued to "negligently and in bad faith" draft her account for $92.59 "for months following the report of total loss while it engaged in delay calculated to force her into economic submission …." Doc. #2 at 3.

Thereafter,[5] Allstate "issued a letter to … Deloach … advising her that the policy was being cancelled due to 'a substantial change or increase in hazard in the risk we originally accepted,' and that the coverage would remain in effect" until its cancellation. *Id*. at 4. However, "thereafter, Allstate had Credit Collection Services[] send a demand for payment of $92.59 for coverage provided under her insurance contract." *Id*.

## IV
## Analysis

Although Deloach's complaint is not divided into separate counts, the Court construes the complaint to allege against Allstate[6] breach of contract,[7] "emotional distress," bad faith denial of

---

[4] Deloach's complaint alleges that the claim was denied because the cabin was not her primary residence. Doc. #2 at 4. The actual letter of denial, which is attached to the complaint, makes no reference to a "primary" residence. *See* Doc. #12 at Ex. B.

[5] Deloach's complaint muddles the sequence of events related to the cancellation of her coverage by Allstate. Specifically, the complaint states that "on May 17, 2017, Allstate finally issued its letter denying coverage …" and that "[t]hereafter, Allstate issued a letter to … Deloach on April 14, 2017, advising that her policy was being canceled [on] May 25, 2017 …." Doc. #2 at 3–4.

[6] Deloach also alleged a claim of negligent procurement against Thimmes; however, that matter was remanded to the Circuit Court of Grenada County. Doc. #29.

[7] The Court construes Deloach's allegation that she suffered damages from Allstate's "wrongful denial of coverage" as a breach of contract claim. To the extent Deloach seeks to recover for tortious breach of contract, that claim overlaps with her claims of negligence and gross negligence. *See Robinson v. S. Farm Bureau Cas. Co.*, 915 So. 2d 516, 520 (Miss. Ct. App. 2005) ("A tortious breach of contract is a breach of contract coupled with 'some intentional

3

coverage, bad faith delay in paying her claim, negligence, gross negligence, estoppel, and "outrage."[8] Doc. #2. As damages, Deloach seeks the value of the cabin and its contents as well as punitive damages and attorney fees and costs. *Id*. at 6. Allstate moves to dismiss Deloach's claims for bad faith, bad faith delay, negligence, gross negligence, claims related to payment processing sounding in negligence, and estoppel. Doc. #14 at 1.

### A. Bad Faith and Bad Faith Delay

Allstate contends that Deloach's bad faith claim should be dismissed "[b]ecause there are no facts stated to suggest that Allstate lacked an arguable basis for the denial of plaintiff's claim" and also because the "complaint … fails to allege facts supporting the … element of … malice, gross negligence, or reckless disregard of the rights of others" in denying the claim. Doc. #14 at 6, 8.

"Under Mississippi law, insurers have a duty 'to perform a prompt and adequate investigation and make a reasonable, good faith decision based on that investigation' and may be liable for punitive damages for denying a claim in bad faith."[9] *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 627 (5th Cir. 2008) (quoting *Liberty Mut. Ins. Co. v. McKneely*, 862 So.2d 530, 535 (Miss. 2003)). "[A] bad faith refusal claim is an independent tort separable in both law and fact from [a] contract claim asserted by an insured under the terms of the policy." *Hartford Underwriters Ins. Co. v. Williams*, 936 So.2d 888, 895 (Miss. 2006) (internal quotation marks omitted). "Additionally, although Mississippi courts are skeptical of such claims, they have

---

wrong, insult, abuse, or negligence so gross as to constitute an independent tort.'") (quoting *Wilson v. Gen. Motors Acceptance Corp.*, 883 So.2d 56, 66 (Miss. 2004)).

[8] The tort of outrage is not a cognizable cause of action. *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 179 (Miss. 1999).

[9] The law of the forum state—in this case, Mississippi—governs the substantive issues in this diversity case. *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018).

4

permitted claimants to recover damages on bad faith claims when resolution of an insurance claim is merely delayed rather than ultimately denied." *James v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 65, 69 (5th Cir. 2014) (collecting cases).

To recover punitive damages for bad faith denial (or delay) of her claim, a plaintiff "must show that the insurer denied the claim (1) without an arguable or legitimate basis, either in fact or law, and (2) with malice or gross negligence in disregard of the insured's rights." *Broussard*, 523 F.3d at 628. Insurers not liable for punitive damages "may nonetheless be liable for 'consequential or extra-contractual damages (e.g., reasonable attorney fees, court costs, and other economic losses)' where their decision to deny the insured's claim is without 'a reasonably arguable basis' but does not otherwise rise to the level of an independent tort." *Id*. (quoting *Andrew Jackson Life Ins. Co. v. Williams*, 566 So. 2d 1172, 1186 n.13 (Miss. 1990)). Furthermore, "[a]n unreasonable delay in resolving a claim can qualify as recoverable bad faith." *AmFed Cos., LLC v. Jordan*, 34 So.3d 1177, 1183 (Miss. Ct. App. 2009). Like a bad faith denial claim, an unreasonable delay requires a showing that insurer "lacked an arguable or legitimate basis" for its actions. *James v. State Farm Mut. Auto Ins. Co.*, 743 F.3d 65, 70 (5th Cir. 2014).

Deloach, citing *James*, argues this Court must look to the "totality of the circumstances" to assess the viability of her claim. Doc. #21 at 8–9. However, the complaint does not allege facts in support of the alleged bad faith denial, merely attaching a descriptor of "bad faith" to offer a conclusory characterization of Allstate's conduct with regard to drafting her account, and a "wrongful" descriptor to the denial of coverage. *See* Doc. #2 at 3–5. The complaint does not provide factual allegations to plead that Allstate acted with malice or gross disregard of Deloach's rights. At the same time, Allstate provided two justifications—that the cabin was not Deloach's

5

residence and the cabin's loss was not sudden—for denying payment, which the Court finds to be reasonable.

Consequently, Deloach's complaint does not include factual allegations that, when assumed to be true, raise a right to relief above the speculative level.[10] Further, Allstate has shown that it had reasonable justifications, either in fact or in law, to deny payment. Accordingly, the Court will dismiss Deloach's bad faith denial claim. And, because where there is an arguable basis for the denial of a claim, a claim for bad faith delay fails, the Court will dismiss Deloach's bad faith delay claim too.

**B. General Negligence**

The elements of negligence are "duty, breach of duty, proximate causation, and injury." *Lovett v. Bradford*, 676 So. 2d 893, 896 (Miss. 1996). To the extent Deloach argues in her response that Allstate was negligent in not paying a "claim it contracted to insure," Doc. #21 at 11, that argument is not properly before the Court as it not alleged in her complaint. *See* Doc. #2.

**C. Negligence Related to Payment Processing**

Allstate moves to dismiss Deloach's claim that it was negligent, or grossly negligent, in continuing to draft her checking account for payments after she submitted the claim which is the subject of this action. Allstate contends that Deloach's payment processing claim fails because, while Deloach could have cancelled her policy at any time, it had no automatic right to cancel the policy (and terminate whatever payment method Deloach had set up) unless one of four itemized events had occurred. Doc. #14 at 9–10. Allstate argues it "was under no legal duty to cease collecting premiums on a policy it could not cancel but which the plaintiff could have had she

---

[10] In reaching this conclusion, the Court notes that *James*, the case relied on by Deloach, involved a question of fact regarding whether the insurer had an arguable or legitimate basis in delay in paying underinsured motor vehicle coverage—rather than addressing the pleading standards to make out a claim that an insurer lacks an arguable or legitimate basis to deny a claim in the context of a motion to dismiss. *See* 743 F.3d at 77.

chosen to do so." *Id*. at 10. In response, Deloach contends that Allstate breached a duty by "creat[ing] authority to terminate the electronic payments and it did not see fit to do so even after it determined [it] had been making … Deloach pay for an invalid policy." Doc. #21 at 12.

"In a negligence action, the plaintiff must show duty, breach, causation, and damages." *Clinton Healthcare, LLC v. Atkinson*, __ So. 3d __, No. 2017-IA-946, 2019 WL 153906, at *3 (Miss. Jan. 10, 2019). Even assuming Deloach had a duty to ensure proper billing, Deloach has not pled facts that would support a breach of such a duty. Rather, Deloach has merely pled that processing and demand of payments continued during and after the investigation. While this processing may have been improper, there is no allegation which would support a finding that the processing was the result of negligence and there is no argument or allegation that the billing could only occur in the presence of negligence. Consequently, Deloach's negligence claims related to payment processing will be dismissed.

### D. Gross Negligence

Allstate argues Deloach's claim of gross negligence should be dismissed because her pleading is conclusory and "[n]o facts supporting the claim of gross negligence [are] included in the complaint." Doc. #14 at 9.

Gross negligence is "that course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them." *Ezell v. Bellsouth Telecomm., Inc.*, 961 F.Supp. 149, 152 (S.D. Miss.1997) (quoting *Dame v. Estes*, 101 So.2d 644, 645 (Miss. 1958)). Conclusory allegations of gross negligence are insufficient to establish liability against an insurer. *Rogers v. Nationwide Prop. & Cas. Ins. Co.*, 433 F.Supp.2d 772, 776 (S.D. Miss. 2006).

7

As to gross negligence, the complaint offers nothing but conclusory assertions that the drafting and collection activities following the loss were grossly negligent. Doc. #2 at 4, 5. As the Court has concluded above that Deloach's claims of negligence related to payment processing must fail, her claim of gross negligence related to the same conduct is similarly doomed for the same reasons—that Allstate did not breach a duty by continuing to debit her account during its investigation and had no duty to suspend automatic drafting on her account after cancellation of the policy. Accordingly, the Court will dismiss Deloach's gross negligence claim.

### E. Estoppel

Deloach claims that, because Allstate represented her cabin was covered and she was entitled to rely on Thimmes' expertise, Allstate "is estopped to disavow coverage for the reasons given." Doc. #2 at 5. Allstate moves to dismiss this claim on three grounds. First, it contends estoppel cannot encompass a loss which is expressly excluded by the terms of the policy. Doc. #14 at 10. Second, Allstate contends that "duty to read" and "imputed knowledge" doctrines preclude Deloach's estoppel claim to the extent it relies on an oral misrepresentation. *Id*. Third, Allstate contends the complaint fails to allege facts supporting a claim for estoppel. *Id*. at 11. Deloach does not respond directly to these arguments but argues broadly that she "had reason to trust the promise of … Thimmes and Allstate" and that Thimmes and Allstate knew she was relying on their expertise. Doc. #21 at 13.

"Any alleged oral agreement does not have any effect on the written insurance contract [and] a contracting party will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract." *Mladineo v. Schmidt*, 52 So.3d 1154, 1165 (Miss. 2010) (alteration omitted). Thus, "a party's reliance on representations by an insurance agent that contradict the policy language is

unreasonable." *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 438 (5th Cir. 2007). As Deloach's claim of estoppel is premised upon oral representations of Thimmes or another Allstate employee, the claim necessarily fails and will be dismissed.

### F. Leave to Amend

In her response and memorandum brief, Deloach requests, in the alternative, that "should the Court find the complaint in any form lacking … the Court give her time to amend her complaint." Doc. #21 at 14. To the extent Deloach seeks to amend her complaint, she must seek such relief through a motion—not through responsive submissions. *See* L.U. Civ. R. 7(b)(3)(C) ("A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response."). However, Deloach will be allowed fourteen days to file a motion to amend her complaint, which motion must comply with all applicable procedural rules.

### V
### Conclusion

Allstate's motion to dismiss [13] is **GRANTED**. Accordingly, Deloach's claims of bad faith, bad faith delay, negligence, gross negligence, and estoppel are **DISMISSED without prejudice**. Deloach may file a motion to amend her complaint within fourteen (14) days of the entry of this order and, in that regard, must comply with all applicable procedural rules.

**SO ORDERED**, this 29th day of March, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**